DARREN M. HARRIS, ESQ., Bar No.: 190399
**SPRAY, GOULD & BOWERS LLP**
2 Corporate Park, Suite 201
Irvine, CA 92606
Telephone: (949) 387-4444
Facsimile: (949) 387-4544
dharris@sgblaw.com

Attorneys for Plaintiff JOSE BRAMBILA

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES COURTHOUSE

| | |
|---|---|
| JOSE BRAMBILA, | ) CASE NO.: 2:19-cv-09502 |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR DAMAGES:** |
| | ) |
| vs. | ) 1) 42 U.S.C. § 1983 – (Violation of 4th |
| | ) and 14th Amendments) |
| | ) 2) 42 U.S.C. § 1983 – (Municipal |
| CITY OF LOS ANGELES; JUAN | ) Liability - *Monell*) |
| ZENDEJAS, an individual; RUDOLPH | ) |
| RIVERA, an individual; and DOES 1-10. | ) **SUPPLEMENTAL STATE CLAIMS** |
| | ) |
| Defendants. | ) 3) Assault & Battery |
| | ) 4) Negligence |
| | ) |
| | ) |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

PLAINTIFF JOSE BRAMBILA (hereinafter "BRAMBILA") alleges as follows under California and Federal law:

## JURISDICTION

1.      This case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1342. The court also has pendent jurisdiction over the state claims, and supplemental jurisdiction over Defendant CITY OF LOS ANGELES (hereinafter "LOS ANGELES") and Defendants JUAN ZENDEJAS (hereinafter "SENDEJAS") and RUDOLPH RIVERA (hereinafter "RIVERA").

## VENUE

2.      The claims alleged herein arose in the County of Los Angeles, California. Venue lies in the Central District of California. 28 U.S.C. §1391(b)(2).

## PARTIES

3.      At all times herein mentioned, Plaintiff was a resident of the City of Pasadena, County of Los Angeles and the State of California.

4.      At all times herein concerned, Defendant LOS ANGELES was a municipality and/or governmental entity operating under a Charter, organized and incorporated under the laws of the State of California, and located in the County of Los Angeles, State of California.  Defendant LOS ANGELES is liable through application of *respondeat superior* pursuant to §815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

5.      At all times herein concerned, DOES 1 through 10 inclusive, were police officers, agents and/or servants and/or employees of the Los Angeles Police Department ("LAPD") and thus employees of the defendant, CITY OF LOS ANGELES. Said defendants were acting within the course and scope of their authority as such agents and/ or servants and/or employees, with the permission and consent of their co-defendants, and each of them.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

6.        The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities when the same have been ascertained.

7.        Plaintiff is informed and believes, and upon such information and belief alleges, that each of the defendants, as well as those designated as a DOE is legally responsible in some manner for the events and happenings referred to, and legally caused injury and damages to the Plaintiff as hereinafter set forth.

**FACTUAL BACKGROUND**

8.        On October 20, 2018, Plaintiff BRAMBILA was lawfully on the premises operated by Cities Restaurant and Lounge, located at 4512 E. Cesar E. Chavez Avenue, Los Angeles, California 90022.

9.        Upon exiting Cities Restaurant and Lounge, Plaintiff and his two friends walked to their vehicle.  One of Plaintiff's friends noticed a female standing near her vehicle, which was parked near Plaintiff's friend's vehicle.  When Plaintiff and his friends approached this female, she told them she was waiting for her sister and her two friends (Defendants ZENDEJAS and RIVERA) exit the Cities Restaurant and Lounge.

10.      When Defendants ZENDEJAS and RIVERA noticed that Plaintiff was talking with this female, Defendants told Plaintiff to stop bothering her and to move away from her.  Defendants then stated to Plaintiff that they were LAPD Officers.

11.      Plaintiff BRAMBILA notified Defendants that he was a law enforcement officer.  Defendant ZENDEJAS stated that he was a "real officer" from the LAPD and that if Plaintiff didn't comply with their commands, he would place Plaintiff under arrest.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

12.      Plaintiff told both Defendants ZENDEJAS and RIVERA to relax and calm down.  Shortly thereafter, Defendant ZENDEJAS assaulted Plaintiff BRAMBILA by punching him in the face and body, causing Plaintiff to fall to the ground.

13.      When Plaintiff got back onto his feet, Defendant RIVERA forcefully pushed Plaintiff to the ground.

14.      As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

> a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of his person;
>
> b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;
>
> c. Physical pain and suffering;
>
> d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;
>
> e.  Lost income
>
> f.  Loss of liberty.

## FIRST CAUSE OF ACTION – VIOLATION 42 U.S.C. §1983:
### (Fourth and Fourteenth Amendments to U.S. Constitution)
### Against All Defendants

15.      Plaintiff re-alleges and incorporates by reference the information set forth in paragraphs 1 through 14 above, and as though fully set forth herein.

16.      This cause of action is brought pursuant to 42 U.S.C. §1983, for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

17.        42 U.S.C. § 1983 provides in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress."

18.        Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

19.        Plaintiff did not assault or threaten anyone, nor was he engaged in criminal activity.  While acting within the course and scope of their employment and/or under color of law, Defendants ZENDEJAS and RIVERA physically assaulted Plaintiff.  Plaintiff sustained severe injuries to his body from Defendants' actions.

20.        At the time Defendants ZENDEJAS and RIVERA assaulted Plaintiff, they were in a situation in which an objective, reasonable police officer would not have used any force.  Plaintiff did not represent a threat to their safety, or to the officers' lives, or to the lives of others.  Plaintiff was not actively resisting arrest. Plaintiff was not attempting to evade arrest by flight.  Yet, Defendants ZENDEJAS and RIVERA acted so quickly with unreasonable force that the Plaintiff fell to the ground immediately upon being assaulted.

21.        As a direct result of the actions by Defendants ZENDEJAS and RIVERA, Plaintiff sustained severe injuries and damages.  Plaintiff seeks general and special damages and attorneys' fees, according to proof.

22.     The aforementioned acts of Defendants ZENDEJAS and RIVERA were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

**SECOND CAUSE OF ACTION - VIOLATION 42 U.S.C. §1983:**
**(Municipal Liability – *Monell*)**
**Against Defendant CITY OF LOS ANGELES, Only**

23.     Plaintiff re-alleges and incorporates by reference the information set forth in paragraphs 1 through 22 above, and as though fully set forth herein.

24.     Defendant CITY OF LOS ANGELES, pursuant to municipal custom, policy or practice, negligently or recklessly hired, trained, supervised, investigated, disciplined, retained, and/or restrained Defendants ZENDEJAS and RIVERA so as to be a moving force in violation of Plaintiff's civil and statutory rights based on the aforesaid conduct alleged herein.

25.     Plaintiff alleges that one or more of the Defendants ZENDEJAS and RIVERA have been involved in previous episodes of alleged excessive force, and/or deliberate indifference to the lives and wellbeing of detainees/arrestees and alleges that Defendant CITY OF LOS ANGELES condones, endorses actively and/or passively tolerates the deliberate indifference to such lives, use of excessive force, and dishonesty, especially when civil liability may result, in an effort to avoid responsibility, and accountability for the actions of their employees, specifically the uniformed officers of the Defendant CITY OF LOS ANGELES.

26.     At the time of the subject incident, Plaintiff alleges on information and belief that Defendant CITY OF LOS ANGELES had in place, and had ratified policies, procedures, customs and practices which permitted and encouraged its police officers to unjustifiably, unreasonably and in violation of the Fourth Amendment to use unreasonable and excessive force against unarmed suspects.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

27.     Plaintiff alleges on information and belief that said policies, procedures, customs and practices also called for CITY OF LOS ANGELES not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints of excessive force, conduct by police officers of CITY OF LOS ANGELES to fail to objectively and/or independently investigate or in any way properly deal with or respond to claims and lawsuits made as a result of such actions and misconduct.

28.     Plaintiff alleges on information and belief that said policies, procedures, customs and practices called for and led to the refusal of said defendants to properly investigate complaints of previous incidents of excessive force, assaults of such persons and instead, officially claim that such incidents were justified and proper.

29.     Plaintiff alleges on information and belief that said policies, procedures, customs and practices evidenced a deliberate indifference to the violations of the constitutional rights of the Plaintiff.  This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said defendants of their similar incidents.

30.     The actions of Defendant CITY OF LOS ANGELES were the cause of, and/or a substantial factor in causing the injuries of Plaintiff herein.

## SUPPLEMENTAL CLAIMS
## THIRD CAUSE OF ACTION – CALIFORNIA STATE LAW
### (Assault and Battery)
### Against All Defendants

31.     Plaintiff re-alleges and incorporates by reference the information set forth in paragraphs 1 through 30 above, and as though fully set forth herein.

32.     Pursuant to California *Government Code* §910 et seq., Plaintiff timely filed a Claim for Damages with the City of Los Angeles on March 25, 2019.  Plaintiff received notification of Rejection of Claim as of May 9, 2019, upon which Plaintiff

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

had six (6) months from this date to file a court action. Plaintiff has complied with this timeline.

33.      Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

34.      Pursuant to California *Government Code* §815.2, Defendant CITY OF LOS ANGELES is liable for injury proximately caused by an act or omission of its employees within the scope of his/her employment if the act or omission would have given rise to a cause of action against that employee or his personal representative. Section 815.2's "[v]icarious liability is a primary basis for liability on the part of a public entity, and flows from the responsibility of such an entity for the acts of its employees under the principle of respondeat superior." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.).

35.      Pursuant to California *Government Code* §820(a), Defendants ZENDEJAS and RIVERA are liable for their individual torts to the same extent as private persons.  No privileges or immunities exist to exonerate Defendants ZENDEJAS and RIVERA from their actions herein.

36.      The actions of Defendants ZENDEJAS and RIVERA were in violation of California *Penal Code* §242 et seq.

37.      Plaintiff did not consent to the actions of Defendants ZENDEJAS and RIVERA, nor was the infliction of serious bodily injury upon Plaintiff privileged or immunized by the laws of the State of California.

38.      As a direct result of the actions by Defendants ZENDEJAS and RIVERA, Plaintiff sustained severe injuries and damages.  Plaintiff seeks general and special damages, according to proof.

39.      The aforementioned acts of Defendants ZENDEJAS and RIVERA were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION – CALIFORNIA STATE LAW

### (Negligence)

### Against All Defendants

40.      Plaintiff re-alleges and incorporates by reference the information set forth in paragraphs 1 through 39 above, and as though fully set forth herein.

41.      Pursuant to California *Government Code* §910 et seq., Plaintiff timely filed a Claim for Damages with the City of Los Angeles on March 25, 2019.  Plaintiff received notification of Rejection of Claim as of May 9, 2019, upon which Plaintiff had six (6) months from this date to file a court action. Plaintiff has complied with this timeline.

42.      Plaintiff invokes the pendant jurisdiction of this Court to hear this claim.

43.      Pursuant to California *Government Code* §815.2, Defendant CITY OF LOS ANGELES is liable for injury proximately caused by an act or omission of its employees within the scope of his/her employment if the act or omission would have given rise to a cause of action against that employee or his personal representative. Section 815.2's "[v]icarious liability is a primary basis for liability on the part of a public entity, and flows from the responsibility of such an entity for the acts of its employees under the principle of respondeat superior." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.).

44.      Pursuant to California *Government Code* §820(a), Defendants ZENDEJAS and RIVERA are liable for their individual torts to the same extent as private persons.  No privileges or immunities exist to exonerate Defendants ZENDEJAS and RIVERA from their actions herein.

45.      At all times herein mentioned, Defendants owed a duty to Plaintiff to not endanger his life or liberty, to use appropriate police tactics and procedures and to follow an appropriate custom and practice regarding persons in the same situation as

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  Plaintiff, and to utilize forces, if necessary, that would be reasonable to an objective
2  officer under the circumstances at the scene.
3  46.        Said defendants breached their duty of care to Plaintiff through their acts
4  and failures to act, thereby proximately causing Plaintiff's injuries.
5  47.        As a direct result of the actions by Defendants, Plaintiff sustained severe
6  injuries and damages.  Plaintiff seeks general and special damages, according to proof.

**PRAYER**

Wherefore, Plaintiff prays for judgment as follows:

1. For all available general damages according to proof;
2. For all available special damages according to proof;
3. Loss of earnings and earning capacity according to proof;
4. Attorneys' fees according to proof;
5. Costs of suit incurred herein; and
6. For exemplary and punitive damages as to Defendants ZENDEJAS and RIVERA, only; and
7. For any other available relief as the court may deem just and proper;

**DEMAND FOR JURY TRIAL**

Pursuant to FRCP Rule 38 and Local Rule 38, Plaintiff hereby demands a trial by jury.

DATED:      November 5, 2019            SPRAY, GOULD & BOWERS LLP

                                        BY: _____
                                        DARREN M. HARRIS
                                        Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL